1   UNITED STATES DISTRICT COURT
2   DISTRICT OF PUERTO RICO

3   MAYDA NAZARIO-LUGO,
4
5        Plaintiff,
                                        Civil No. 09-2262 (JAF)
6        v.

7   CARIBEVISION HOLDINGS, INC.,
8
9        Defendant.

10                      **OPINION AND ORDER**

11        Plaintiff, Mayda Nazario-Lugo, brings this action in diversity against Defendant,

12   Caribevision Holdings, Inc., alleging breach of an employment contract.   (Docket No. 1.)

13   Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Docket

14   No. 16);[1] Plaintiff opposes (Docket No. 26); and Defendant replies (Docket No. 45).

15                              **I.**

16                   **Factual and Procedural Synopsis**

17        We draw the following facts from Plaintiff's complaint (Docket No. 1) and the parties'

18   briefs (Docket Nos. 5; 16; 18; 26; 30; 44; 45), statements of material facts and responses (Docket

19   Nos. 5-2; 17; 25; 30-2; 37), and exhibits appended thereto.   Because the instant motion

20   constitutes a factual challenge under Rule 12(b)(1), we supplement Plaintiff's averments with

---

[1] Defendant initially characterized its motion to dismiss as one under Rule 12(b)(6), but now presents it under Rule 12(b)(1).  (See Docket Nos. 16; 45.)

Civil No. 09-2262 (JAF)                                                                        -2-

1    extrinsic evidence from the record where necessary.  See <u>Valentín v. Hosp. Bella Vista</u>, 254 F.3d

2    358, 363 (1st Cir. 2001).

3           Defendant is a holding company for firms that specialize in digital television, Internet

4    services, publishing and interactive media, entertainment venues, professional sports, and

5    regional programming networks.  Defendant is incorporated in Delaware and has its principal

6    place of business in Florida, but operates several television broadcasting stations in Puerto Rico.

7           On February 14, 2008, Defendant concluded a contract with Plaintiff to retain her services

8    as a company executive for Defendant in Puerto Rico.  (Docket No. 1-2.)  The contract was for

9    a term of five years commencing February 20, 2008.  Under Article 3 of the contract, Defendant

10   agreed to pay Plaintiff various forms of compensation for her labor, including a salary, health

11   and life insurance policies, and reimbursement for expenses related to automobile insurance,

12   gasoline, and cellular telephone.

13          Article 4 provides for three modes of termination: Termination for cause by Defendant,

14   voluntary termination by Plaintiff, and termination without cause by Defendant or for "good

15   reason" by Plaintiff.  The third mode of termination entitles Plaintiff to several forms of

16   compensation upon severance.  Plaintiff must notify Defendant of the grounds for "good reason"

17   termination within ninety days of its occurrence and Defendant has thirty days from receipt of

18   such notice to cure the defect.  Payments under Article 4 are contingent upon Plaintiff's

19   execution of "a general release of all claims" unless required otherwise by law.

Article 5.03 stipulates that controversies "involving the construction or application of any of the terms, provisions, or conditions of this Agreement shall be subject to a Court of Law in San Juan[,] Puerto Rico."  Article 6.05 further provides that the contract "shall be governed by and construed in accordance with the laws of the Commonwealth of Puerto Rico."  Article 6.03 is an integration clause that renounces all other oral or written agreements prior to the contract that are not explicitly incorporated into the instrument.  Lastly, under Article 5.04, in the event that "any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees, costs, and necessary disbursements in addition to any other relief to which the party may be entitled."

On September 15, 2009, Defendant filed a complaint in the Puerto Rico Court of First Instance, seeking a declaratory judgment against Plaintiff to absolve Defendant of obligations under the contract's payment provision for "good reason" termination.  (Docket No. 16-2.)  In that complaint, Defendant alleged Plaintiff's refusal to sign a general release as grounds to preclude Defendant's payment both under the "good reason" clause, as well as for amounts due for past services performed under the contract.  Defendant also averred that it had complied with the contractual provision for cure by offering to pay Plaintiff in exchange for a general release.  Defendant deposited $51,007.06 as bailment with the Commonwealth court, allegedly equal to the amount due to Plaintiff once she signs the release.

Plaintiff answered on October 6, 2009, by alleging that no release is required for her to receive payments due under Article 3 of the contract for past services rendered.  (Docket No. 16-

Civil No. 09-2262 (JAF)                                                    -4-

1   3.)  Plaintiff further averred that Defendant's refusal to pay under Article 3 constituted a breach

2   of contract that entitled her to payments that ought to be due under Article 4.  Plaintiff also

3   demanded the payment of attorney's fees and costs by Defendant.

4           On December 18, 2009, Plaintiff filed the instant complaint in federal court, alleging

5   Defendant's breach of contract, and seeking a declaratory judgment, compensation due under

6   the contract, and attorney's fees and litigation expenses.  (Docket No. 1.)  Plaintiff moved for

7   partial summary judgment on January 12, 2010 (Docket No. 5); Defendant opposes (Docket

8   No. 18); Plaintiff replies (Docket No. 30); and Defendant sur-replies (Docket No. 44).  Plaintiff

9   also moved to strike parts of the evidence submitted by Defendant in opposing summary

10  judgment (Docket No. 29); Defendant opposes (Docket No. 39).  Defendant moved to dismiss

11  on February 18 (Docket No. 16); Plaintiff opposes (Docket No. 26); and Defendant replies

12  (Docket No. 45).  Arguing that Defendant's motion to dismiss fails to comply with the proper

13  procedural rules, Plaintiff moved for default on March 15.  (Docket No. 27.)

14                                              **II.**

15                   **Standard for Dismissal under Rule 12(b)(1)**

16          Under Federal Rule of Civil Procedure 12(b)(1), a movant may challenge the court's

17  subject-matter jurisdiction by controverting the plaintiff's jurisdictional allegations when they

18  are distinct from the case's merits.  <u>Valentín</u>, 254 F.3d at 363.  The court then addresses "the

19  jurisdictional claim by resolving the [predicate] factual disputes."  <u>Id.</u>  "In conducting this

20  inquiry, the court enjoys broad authority to order discovery, consider extrinsic evidence, and

1    hold evidentiary hearings . . . ."  Id.  The party asserting jurisdiction bears the burden of proving

2    its existence.  See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003).

### III.

### Analysis

5           Because the parties agree as to the validity and the express language of the contract, the

6    only issue before this court is its interpretation for the purpose of defining the parties' respective

7    obligations following Plaintiff's termination.  While this task appears simple enough, Defendant,

8    nonetheless, asks us to abstain from exercising jurisdiction in this case (Docket No. 16).

9           In support, Defendant cites the doctrine expounded in Colorado River Water

10   Conservation District v. United States, 424 U.S. 800 (1976), and its progeny.  (Docket No. 16.)

11   The First Circuit recently interpreted this abstention doctrine in Jiménez v. Rodríguez-Pagán.

12   597 F.3d 18, 27-32 (1st Cir. 2010).  Although "[c]oncurrent federal-state jurisdiction over the

13   same controversy does not generally lessen the federal courts' 'virtually unflagging obligation

14   . . . to exercise the jurisdiction given them' . . . the pendency of a similar action in state court

15   may merit federal abstention based on 'considerations of wise judicial administration' that

16   counsel against duplicative lawsuits."  Id. at 27 (quoting Colo. River, 424 U.S. at 817).

17          Abstention is proper only where the court finds "a clear justification" that meets the

18   requirements of an "exceptional-circumstances test."  Id. at 27-28 (quoting Moses H. Cone

19   Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983)).  The "non-exclusive list of

20   factors" for this balancing test include:

1    (1) whether either court has assumed jurisdiction over a res; (2) the
2    [geographical] inconvenience of the federal forum; (3) the
3    desirability of avoiding piecemeal litigation; (4) the order in which
4    the forums obtained jurisdiction; (5) whether state or federal law
5    controls; (6) the adequacy of the state forum to protect the parties'
6    interests; (7) the vexatious or contrived nature of the federal claim;
7    and (8) respect for the principles underlying removal jurisdiction.

8    Id. (quoting Rio Grande Cmty. Health Ctr. v. Rullán, 397 F.3d 56, 71-72 (1st Cir. 2005)).

9          Once the court finds sufficient reason to abstain, the federal court ordinarily orders a stay

10   pending the resolution of the parallel state proceeding.  Id. at 31-32.  However, the First Circuit

11   has not definitively ruled on the propriety of dismissal of an action under Colorado River.  Id.

12   The Court of Appeals observed that most circuits prefer a stay of proceedings rather than

13   dismissal, because the former permits federal courts to address unresolved matters at the close

14   of the state proceedings.  Id.  At the same time, the First Circuit notes case law in the Fourth

15   Circuit favoring dismissal where the state court will necessarily resolve all determinative issues

16   and leave no residuum to the federal forum.  Id. (citing Cox v. Planning Dist. I Cmty. Mental

17   Health & Mental Retardation Servs. Bd., 669 F.2d 940, 943 (4th Cir. 1982)).

18         In the case before us, Defendant points to parallel proceedings in the Commonwealth

19   court as grounds for abstention.  (Docket No. 16.)  We consider the facts before us in the light

20   of the eight-factor test.  See Jiménez, 597 F.3d at 27-28.

21         The third factor militates in favor of abstention.  While the desire to avoid piecemeal

22   litigation requires more burden than mere duplication of efforts, id. at 29, this factor is satisfied

23   where there is great danger that prior adjudication by the Commonwealth court would render

1    our opinion purely advisory, Currie v. Group Ins. Comm., 290 F.3d 1, 11 (1st Cir. 2002).  The

2    case before us presents issues that are identical to those before the Commonwealth court.  (See

3    Docket Nos. 1; 16.)  If the Court of First Instance renders final judgment on the merits with

4    respect to Defendant's liability and the amount due to Plaintiff in that case, we would be bound

5    to respect it as res judicata.  See 31 L.P.R.A. § 3343 (1990) (defining cosa juzgada, i.e., res

6    judicata, under civil law); Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 61 (1st Cir. 2000)

7    ("In determining the preclusive effect of a [Puerto Rico] judgment in federal court . . . the

8    question is whether courts in [Puerto Rico] would ascribe preclusive effect to the judgment.").

9    Thereupon, the instant case would be moot.

10          The fourth factor, the order in which the cases commenced, also counsels abstention.

11   (See Docket No. 16.)  This prong considers the relative progress of the suits, and the measure

12   of progress is both pragmatic and flexible.  Jiménez, 597 F.3d at 31.  We are satisfied that the

13   parties have proceeded in the earlier case to the point where the Commonwealth court can

14   disburse proceeds upon adjudication on the merits (see Docket No. 16).  The Commonwealth

15   court already has in its possession the means to resolve a substantial portion of the relief that

16   Plaintiff demands.  (See Docket No. 5 (Plaintiff seeks partial summary judgment in the amount

17   of $57,510.27 for amounts due for past performance under contract).)

18          The fifth factor, whether federal or Commonwealth law furnishes the rule of decision,

19   strongly favors abstention.  Puerto Rico law applies to this contract because its overriding

20   purpose is to secure Plaintiff's performance of services in Puerto Rico; Plaintiff is a Puerto Rico

1   domiciliary; and Defendant operates firms in Puerto Rico, where Plaintiff worked (Docket

2   Nos. 1; 1-2).  See Servicios Comerciales Andinos, S.A. v. GE del Caribe, 145 F.3d 463, 478-79

3   (1st Cir. 1998) (noting that federal court in diversity looks to Puerto Rico choice-of-law rule to

4   resolve conflicts of law); Green Giant Co. v. Trib. Super., 4 P.R. Offic. Trans. 682, 104 P.R.

5   Dec. 489 (1975) (adopting "dominant contacts" approach as choice-of-law rule for contractual

6   disputes).  There are no federal questions before us.  Cf. Jiménez, 597 F.3d at 30 (finding fifth

7   factor satisfied where case only involved Puerto Rico law and presented novel issues therein).

8          Other factors have neutral effect on our analysis.  The second factor, the relative

9   geographic convenience of the federal forum, is irrelevant as both cases are before courts in the

10  same city.  (See Docket No. 16.)  The sixth factor, the adequacy of the Commonwealth court,

11  is inapplicable because there is no indication that the other court suffers from any handicap in

12  adjudicating the parallel dispute.  See Jiménez, 597 F.3d at 28.  While Plaintiff commenced this

13  case after being sued in the other court, there is no indication that she intended to engage in

14  vexatious, contrived litigation as contemplated by the seventh factor.  Furthermore, the eighth

15  factor pertaining to removal jurisdiction is entirely irrelevant to the present complaint.

16         Only the first factor appears equivocal.  The Commonwealth court has not exercised in-

17  rem jurisdiction because the present dispute involves no tangible assets per se.  (See Docket

18  No. 16.)  Nevertheless, the parties agree that Defendant has deposited a considerable sum of

19  money with that court pending the resolution of Defendant's liability for Plaintiff's accrued

20  benefits.  (Docket Nos. 16-2; 17.)  This amount has effectively become a subject of contention

1     in the other case, and the prudential policy under Colorado River favors abstention.  See

2     Jiménez, 597 F.3d at 27-28 (noting that the eight factors are not exhaustive).  In view of the

3     foregoing application of the balancing test under the Colorado River doctrine, we find that this

4     case presents a rare occasion for us to abstain from exercising our grant of diversity jurisdiction.

5            We also find that dismissal without prejudice is appropriate in this case.  See Cox, 669

6     F.2d at 943.  There is complete overlap in the disputed issues, which all pertain to the parties'

7     performance under the contractual provisions for termination and the amounts due to Plaintiff

8     under these same provisions and for past services rendered.  (See Docket Nos. 1; 16; 16-2.)

9     Defendant has submitted itself to the power of the Commonwealth court, which can order

10    Defendant to pay Plaintiff amounts due under the contract pursuant to a final judgment on the

11    merits.  (See id.)   Indeed, Defendant has consigned to that court at least a portion of the

12    compensation which Plaintiff may obtain.  (Id.)  Furthermore, if Defendant has breached the

13    contract as Plaintiff alleges (Docket No. 1), the proper course under the civil law is for Plaintiff

14    to request a resolution of the contract to receive payments due.  See 31 L.P.R.A. § 3052 (1990).

15    Commonwealth civil procedure provides for compulsory counterclaims by defendants where

16    such claims relate to the same events that gave rise to the initial complaint.  32 L.P.R.A. App.

17    III R. 11 (2000).  We, thus, see no reason why Plaintiff cannot obtain full relief in the

18    Commonwealth court if it rules in her favor.  Once that court renders a final judgment relating

19    to both Defendant's liability and the amount payable to Plaintiff, there would be nothing left of

20    this case for us to adjudicate.  See supra (discussion on res judicata).  If for some unforeseen

1    reason something remains that must be addressed by a federal court, the dismissal without

2    prejudice safeguards that unforeseen possibility.

3         Although the First Circuit recently remanded a case with an order to stay the action, that

4    case is distinguishable.  See Jiménez, 597 F.3d at 31-32.  The Court of Appeals pursued the safer

5    course because it ordered abstention sua sponte; reversed the district court's decision pertaining

6    to other grounds for dismissal; and permitted the trial court a chance to resolve potential loose

7    ends that were not evident in the record available at that stage.  See id.  We are not presently

8    concerned with an incomplete record as to the potential bases for abstention.

9                                         **IV.**

10                                  **Conclusion**

11        Accordingly, we hereby **GRANT** Defendant's motion to dismiss (Docket No. 16) and

12   **DENY** as **MOOT** Plaintiff's motion for partial summary judgment (Docket No. 5), motion to

13   strike (Docket No. 29), and motion for default (Docket No. 27).  We **DISMISS** this action

14   **WITHOUT PREJUDICE** for prudential considerations under Colorado River.  We summarily

15   **DENY** the parties' demands for attorney's fees contained within their briefs (Docket Nos. 18;

16   30; 39; 44) for noncompliance with Local Civil Rule 7(a) on the proper form of motions.

17        **IT IS SO ORDERED.**

18        San Juan, Puerto Rico, this 15th day of April, 2010.

19                                         s/ José Antonio Fusté
20                                         JOSE ANTONIO FUSTE
21                                         Chief U.S. District Judge