UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MAYDA NAZARIO-LUGO,

    Plaintiff,

v.

CARIBEVISION HOLDINGS, INC.,

    Defendant.

Civil No. 09-2262 (JAF)

## **O R D E R**

On April 15, 2010, we issued an Opinion and Order dismissing Plaintiff's case without prejudice for prudential considerations under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), and its progeny. (Docket No. 47.) Plaintiff moved to reconsider on April 22 (Docket No. 49), and Defendant opposed on May 10 (Docket No. 50).

Because Plaintiff filed her motion within twenty-eight days of the issuance of the Opinion and Order, we construe her motion under Federal Rule of Civil Procedure 59(e). See Fed. R. Civ. P. 59(e). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992). Parties may not "introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997).

Civil No. 09-2262 (JAF)                                                                                                    -2-

For the most part, Plaintiff's brief reiterates issues that we previously considered and rejected in our Opinion and Order. (See Docket Nos. 47; 49.) These contentions present no manifest errors of law. (See id.) Furthermore, Plaintiff belatedly references matters pending before the Puerto Rico Court of First Instance in a parallel proceeding to challenge our evaluation of the relative progress of the two cases. (Docket No. 49.) Such evidence is not new; Plaintiff was on notice that Defendant sought dismissal on the basis of abstention doctrine, and Plaintiff could have presented these matters before we issued our Opinion and Order. (See Docket No. 16.)

We, nevertheless, take this opportunity to clarify one point of contention. Plaintiff asserts that the parallel Commonwealth case cannot accord her complete relief and that she is not required to file compulsory counterclaims in that suit. (Docket No. 49.) In making this argument, Plaintiff bifurcates her case into amounts due for past performance and amounts owed under a specific clause for termination for "good reason," maintaining that only the former claim is pending before the Puerto Rico court. (Id.) We see no fundamental distinction between the two causes of action as both depend on the interpretation of the same labor contract and assessment of the parties' performance pursuant to that agreement. (See Docket No. 47.) Both claims arise from the same instrument and, hence, the same "transaction or occurrence" as contemplated in the Puerto Rico procedural rule for compulsory counterclaims, 32 L.P.R.A. App. III R. 11.1 (2000). Furthermore, even if Plaintiff's claim under the contractual clause is

Civil No. 09-2262 (JAF)                                                                                                    -3-

not a compulsory counterclaim, Commonwealth rules provide for permissive counterclaims in the parallel case. See id. R. 11.2. Therefore, Plaintiff has a fair opportunity to obtain full relief against Defendant in the parallel case even if she elects not to pursue it. We reiterate that the equities in this case and the judicial policy of comity favor abstention in deference to the Commonwealth proceedings. (See Docket No. 47.)

Accordingly, we hereby **DENY** Plaintiff's motion for reconsideration (Docket No. 49).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of May, 2010.

s/ José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge