|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| MAYDA NAZARIO-LUGO,<br><br>  Plaintiff,<br><br>  v.<br><br>CARIBEVISION HOLDINGS, INC.,<br><br>  Defendant. | Civil No. 09-2262 (JAF) |

**O R D E R**

On April 15, 2010, we issued an Opinion and Order dismissing Plaintiff's case without prejudice for prudential considerations under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), and its progeny. (Docket No. 47.) Plaintiff moved for reconsideration under Federal Rule of Civil Procedure 59(e) (Docket No. 49), which Defendant opposed (Docket No. 50), and which we denied (Docket No. 54). On June 7, Plaintiff brought the instant motion to set aside judgment pursuant to Rule 60(b) and for certification that the court is inclined to set aside judgment. (Docket No. 57.) Defendant opposed. (Docket No. 62.)

Under a Rule 60(b) motion, the movant seeks relief that is "extraordinary in nature" which the court grants sparingly. Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009). The party seeking relief under Rule 60(b) must demonstrate "at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Id.

Civil No. 09-2262 (JAF)                                                                                                            -2-

Plaintiff's Rule 60(b) motion fails to provide any grounds for relief that were not previously raised in her Rule 59(e) motion. (<u>See</u> Docket Nos. 49; 57.) In the new motion, Plaintiff merely "reaffirms her earlier arguments, set forth in detail in her opposition to the Defendant's motion to dismiss and in her motion for reconsideration," and "reiterates her position that this court erred in dismissing this action." (Docket No. 57 at 3.) Plaintiff submits a copy of a recent judicial opinion in the parallel proceedings to show that the state court did not address her potential claims that we previously dismissed. (Docket No. 57.) This latest decision is immaterial to our earlier determination that Plaintiff had an adequate alternate venue to prosecute her claims relating to the same "transaction or occurrence" under consideration in the parallel case (Docket No. 52 at 2), even if she failed to pursue the opportunity. (<u>See</u> Docket No. 54.) We are guided by the principle that relief under Rule 60(b) should be granted sparingly. <u>See</u> <u>Fisher</u>, 589 F.3d at 512. Because Plaintiff simply restates arguments that we previously rejected, her Rule 60(b) motion, therefore, does not provide any "exceptional circumstances" requiring "extraordinary relief." <u>See</u> <u>Id</u>.

For the foregoing reasons, we hereby **DENY** Plaintiff's Rule 60(b) motion (Docket No. 57).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of July, 2010.

                                              s/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              Chief U.S. District Judge