## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MAYDA NAZARIO LUGO**<br><br>      **Plaintiff**<br><br>**v.**<br><br>**CARIBEVISION HOLDINGS, INC.<br>aka C.V. NETWORKS<br>aka CARIBE VISION STATION GROUP,<br>LLC**<br><br>      **Defendant** | **CIVIL NO. 09- 02262-JAF** |

## OPINION AND ORDER

Pending before this court is Plaintiff's Motion for Partial Summary Judgment on Liability and on certain amounts owed pursuant to the contract between the parties. (Docket No. 5.) Defendant Caribevisión Holdings, Inc., a.k.a C.V. Networks, a.k.a Caribe Visión Station Group, LLC. ("Caribevisión" or "Defendant") opposed the request, (Docket Nos. 17 and 18).  Plaintiff Mayda Nazario ("Nazario" or "Plaintiff") replied to the opposition, (Docket No. 30), and Defendant submitted a Surreply. (Docket No. 44).  Plaintiff also moved to Strike several paragraphs of the factual submissions by Caribevisión, and Defendant opposed the request to strike. (Docket Nos. 29 and 39.) Upon reviewing the filings and applicable law, the Motion for Partial Summary Judgment is **GRANTED**, and the Motion to Strike is **GRANTED**.  This court finds that Plaintiff is entitled to Judgment as a Matter of Law, in accordance with the requests made in Docket No. 5.

Partial Summary Judgment is **GRANTED** with respect to liability for all amounts claimed in the complaint.  Partial Summary Judgment is also **GRANTED** for $57,510.27 in unpaid compensation.  Judgment is also **GRANTED** as requested, for an additional $729,784.25,

Civil No. 09-2262 (JAF)                                                                        -2-

corresponding to payments due by virtue of the Article 4 "good-cause" termination.  These amounts

are exclusive of costs, interest, and attorney's fees.

Moreover, in light of the recent procedural events in this case and the failure of Caribevisión

to comply with the orders of this court, this court enters default against Caribevisión with respect to

the remaining amounts claimed by Plaintiff.  These additional amounts, which appear in paragraphs

(d) and (e) of paragraph 6.19 of the Complaint, (Docket No. 1), correspond to "other miscellaneous

liquidations and compensations," and "the present value of premiums payable for the insurance

benefits . . . in an amount estimated to be forty five thousand dollars ($45,000.00)." Since these

amounts are not for a sum certain, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure,

a default judgment cannot be entered at this time with respect to these amounts.

This court schedules a hearing to determine the amount of damages corresponding to these

two additional items to take place on **April 24, 2012, at 4:00 P.M.**

## Procedural Background

On December 18, 2009, Plaintiff filed the present diversity action alleging that her former

employer, Caribevisión, owed her certain amounts pursuant to her employment contract of February

2008.  In early 2008, Caribevisión, which operates several television stations in Puerto Rico, entered

into a five-year contract with Nazario, employing her as president, general manager, and sales

director for its Puerto Rico operation.

Article 3 of the contract specified Nazario's compensation and other benefits, including

bonus, commission, health insurance, and expense allowance.  Article 4 of the contract governs

different scenarios for termination.  Pertinent to this Opinion is the provision allowing for "good-

Civil No. 09-2262 (JAF)                                                                -3-

reason" termination by Nazario in the event that certain defined events occur.  Among the triggering

events is the company's breach of the Article 3 provisions concerning compensation.

Some time after the contractual relationship began, Caribevisión failed to pay Nazario

significant items of Article 3 compensation.  Nazario invoked the "good-reason" termination

provisions, providing Caribevisión with notice of her intention to terminate for "good reason," unless

Caribevisión corrected the breaches during the time allowed for under the contract.  Caribevisión did

not do so, and the employment relationship terminated in mid-September 2009.  Caribevisión never

paid the outstanding compensation it owed to Plaintiff.  Nor did it pay her the amounts owed claimed

by Plaintiff by virtue of her "good-reason" termination.

On January 12, 2010, Plaintiff requested Partial Summary Judgment on liability. She also

requested Partial Summary Judgment on certain quantifiable items of Article 3 compensation and

also with respect to the Article 4 amounts owed to her as a result of the "good-reason" termination.

On April 15, 2010, this court dismissed the Complaint without prejudice based on the

abstention doctrine of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800

(1976), in deference to pending litigation which Caribevisión had filed in the Commonwealth of

Puerto Rico.  (Docket No. 47.) Plaintiff appealed the dismissal, and the Court of Appeals for the

First Circuit reversed on February 24, 2012, and remanded the case to this court for further

proceedings.

On March 1, 2012, this court scheduled a Status Conference for March 27, 2012, to address

future proceedings with respect to this matter. (Docket No. 72.) Although Caribevisión had almost

a month to prepare for the March 27th hearing, it was not until the afternoon of March 26th that the

Civil No. 09-2262 (JAF)                                                                                      -4-

attorneys for Caribevisión, who had represented the Defendant in both the Commonwealth case and

the instant matter, moved to withdraw from the case. (Docket No. 73.)  The attorneys explained that

on March 22, 2012, Caribevisión had instructed them to withdraw as counsel, and that Caribevisión

"has no presence in Puerto Rico." (Docket No. 77.)

        Plaintiff opposed the request of Caribevisión's attorneys to withdraw.  (Docket No. 78.) She

argued that the attorneys, who had represented Caribevisión through trial court and appellate court

proceedings for more than two years, and who had actually intervened in the matters before this court

prior to Plaintiff's termination of the contract almost three years ago, should not be allowed to

withdraw on the day before the scheduling conference. Id.

        In order to provide Caribevisión with the opportunity to appear with its counsel of choice,

this court granted the Motion to Withdraw. (Docket No. 79.)  This court understood that there would

be no point in holding a conference at that time.  Caribevisión was given five calendar days to

announce new legal representation, and the Status Conference was reset for April 9, 2012.  Defense

counsel was instructed to notify Caribevisión of the order on the very day it issued.  Caribevisión

was also instructed to be "ready for the conference" on April 9, 2012, and that no continuances

would be entertained.  Although this court accommodated the Defendant by granting the request of

its counsel to withdraw, the court indicated that "there will be no additional accommodations" for

Caribevisión, noting that the points raised in Plaintiff's Opposition to the Motion to Withdraw were

well taken. (Docket No. 79.)

Civil No. 09-2262 (JAF)                                                                    -5-

Although the deadline for announcing new legal representation expired on April 2, 2012, Caribevisión did not comply with the deadline.  Nor did it appear at the Status Conference on April 9, 2012.

On the basis of the record in this case, this court is in a position to resolve the pending Motion for Summary Judgment, adjudicating liability and establishing Plaintiff's entitlement to the amounts established in Plaintiff's Motion for Partial Summary Judgment.

Although this court is aware of the fact that Caribevisión's case before the Commonwealth of Puerto Rico has now been dismissed in its entirety with prejudice, and that the judgment is final and unappealable, in light of the denial of Caribevisión's Petition for Certiorari and the mandate issued by the Puerto Rico Supreme Court on March 5, 2012, it declines to give preclusive effect to the decision of the Commonwealth courts at this time.  Based on the record before this court, we are in a position to resolve the issues addressed in the Commonwealth court: The failure of Caribevisión to pay compensation owed to Nazario;  just cause for the plaintiff to terminate the contract; the failure of Caribevisión to rectify its breach; and the fact that no Release was required in order for Plaintiff to receive her Article 3 compensation as agreed to in the contract.

Based on the record before us, Plaintiff's Motion for Partial Summary Judgment is **GRANTED**.  Plaintiff is entitled to receive the following amounts from Caribevisión as Article 3 compensation: $57,510.27 (the guaranteed bonus of $25,000, the guaranteed 5% salary increase amounting to $5,010.27, and unpaid automobile expenses of $27,500); and the amounts owed pursuant to the contract, as a result of the termination by plaintiff for "good reason," for an additional

Civil No. 09-2262 (JAF)                                                    -6-

$729,784.25.  Judgment is, therefore, entered for $787,294.52, exclusive of costs, interest, and

attorney's fees.

### Uncontested facts

Mayda Nazario began work as President, General Manager, and Sales Director of

Caribevisión's Puerto Rico operations in February 2008, pursuant to an individual five-year contract

of employment.

Pursuant to Article 3 of the contract, Nazario's base salary for the first year was one hundred

seventy five thousand dollars ($175,000) per year.  She was guaranteed an annual increase of five

percent (5%) on the base salary.  Had this increase been given and had Nazario continued in the

position, her salary would have been $183,750 in 2009, $192,937.50 in 2010, $ 202,584.37 in 2011,

and $ 212,713.59 in 2012.

The contract also provided for commissions on sales and bonuses. Nazario was promised a

guaranteed minimum additional amount of twenty five thousand dollars ($25,000.00) payable each

year within fifteen (15) days after the contract's anniversary date. There were additional benefits,

including but not limited to, participation in the Company's health plans, dental insurance, disability,

life, and accidental death and dismemberment insurance plans,  as well as dues and membership fees

in professional and civic associations.  Nazario was also entitled to monthly payment of an additional

two thousand five hundred dollars ($2,500) for automobile expenses, payable on the 15th of each

month.

Article 4 of the contract provided for additional payments in the event that Nazario

terminated the contract for "good reason." "Good reason" is defined in Article 4.04(d) of the contract

Civil No. 09-2262 (JAF)                                                          -7-

to include the company's failure to pay Nazario amounts and material benefits owed pursuant thereto. Article 4.04(d) also provided for a procedure whereby Nazario would notify Caribevisión of the events constituting "good reason," and Caribevisión would have thirty (30) days thereafter to cure or remedy the events constituting "good reason."  If the company did not cure or remedy said events, the contract provided that this constituted "good reason," justifying her termination of the contract.

Article 4.04(a) (i) - (iii) provided for the payment of additional amounts in the event of such a "good-reason" termination. Within ten (10) business days following the effective date of such termination, Nazario was entitled to receive the following amounts: A lump sum payment equivalent to her accrued employee entitlements; her annual base salary multiplied by the number of years remaining for the balance of the term of the contract; and the amount of the annual bonus multiplied by the number of years remaining for the balance of the Contract term.

In addition to the above, Article 4.04(i)-*(iii)* of the contract provided for Ms. Nazaario to have the option of either participating in the company insurance plans for a period of twelve months, or receiving the present value of those insurance premiums.

Caribevisión failed to honor these contractual commitments.  It also stopped reimbursing plaintiff for her automobile expenses in October 2008.

Throughout 2009, plaintiff demanded payment of these items of Article 3 compensation, but Caribevisión failed to make the payments.

Civil No. 09-2262 (JAF)                                                          -8-

On June 19, 2009, Nazario formally notified Caribevisión that she was invoking the "good-reason" provisions of the contract. Nazario sent a second notification to the company on July 7, 2009, reaffirming the "good reason" for her to terminate the contract.

On July 17, 2009, Caribevisión offered to partially cure its breaches of the contract by paying the $25,000 bonus due the previous March and certain reimbursements for automobile expenses, but it conditioned the payment of these amounts, which were guaranteed pursuant to Article 3 of the contract, on Ms. Nazario's signing of a Release of Responsibility pursuant to Article 4 of the contract.

On September 16, 2009, Nazario terminated the contract. By that time, Nazario had been attempting to have the company comply with its obligations pursuant to the contract for no less than six months. Her attorney had been in contact with the company some three months before that time, requesting Caribevisión to remedy its breaches. By that time, the financial breaches exceeded fifty seven thousand dollars ($57,000).

## Applicable Law and Analysis

The contract in this case does not admit of differing interpretations. Since its terms are unequivocal, they should be interpreted literally. Article 1233 of the Civil Code of Puerto Rico, 31 LPRA §3471.

Caribevisión breached its obligations to Plaintiff by not paying her the above-mentioned items of Article 3 compensation. Plaintiff invoked the contractually-defined procedure for "good-reason" termination, and Caribevisión had the opportunity to remedy its breach.

Caribevisión had no basis for demanding a Release as a condition for plaintiff to receive the compensation to which she was entitled. The Release provision of Article 4 does not apply to items of compensation.  Rather, it provides for a Release regarding payment of the additional amounts due by virtue of "good-reason" termination.

Nothing in Caribevisión's opposition papers contradicts these uncontested facts.  In this respect, we also GRANT Plaintiff's request to strike portions of Caribevisión's evidence  in opposition to summary disposition, since it consists of affidavits by company officials stating, in effect, that the contract language does not mean what it says.  The statements by Caribevisión officials which Plaintiff requests this court to strike are either erroneous interpretations of the contract language or were not based on personal knowledge. They do not comply with the Rule 56(e) of the Federal Rules of Civil Procedure requirement that supporting and opposing affidavits "be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  In reviewing defendant's evidence, the court was required to use "personal knowledge [as] the touchstone." Pérez v. Volvo Car Corp, 247 F.3d 303, 315 (1st Cir., 2001); Hernández-Santiago v. Ecolab, 397 F.3d 30, 35 (1st Cir., 2005).  An affidavit "made upon information and belief ... does not comply with Rule 56." Sheinkopf v. Stone, 927 F.2d 1259, 1271 (1st Cir., 1991).  The "personal knowledge" required by Rule 56(e) "must concern facts as opposed to conclusions, assumptions or surmise." Pérez v. Volvo, 247 F.3d at 316 (emphasis supplied).  Caribevisión's evidence in this regard is defective and will not be considered by this court.

Civil No. 09-2262 (JAF)                                                          -10-

This court finds that the calculations are correct and that Plaintiff is entitled to these amounts. Caribevisión materially breached its obligations to Plaintiff, and it failed to remedy the breach after being notified thereof pursuant to the procedure established in the contract.  In her filings before us, Plaintiff set forth the precise formula for the calculation of both the Article 3 compensation which Caribevisión failed to pay her and the Article 4 compensation to which she is entitled as a result of the "good-reason" termination.

Caribevisión has also failed to comply with this court's order that it announce its new legal representative by April 2, 2012.  It also defied this court by failing to appear at the Status Conference scheduled for April 9, 2012.  We find Caribevisión in default.  The record evidence justifies the entry of Partial Summary Judgment on liability and for the aforementioned defined amounts.  This court also enters default against Caribevisión as to all other amounts, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, due to the failure of Caribevisión to defend its cause before this court.

Accordingly, this court enters Partial Summary Judgment on the following amounts, which total $787,294.52:  $57,510.27 in unpaid compensation (corresponding to the 2009 bonus of $25,000, the guaranteed 5% salary increase for the period of February 20, 2009, to September 16, 2009,  for a total of $5,0101.27; and unpaid automobile expenses in the amount of $27,500); and $729,784.25, corresponding to payments due by virtue of the Article 4 "good-cause" termination.

Plaintiff is also entitled to applicable pre-judgment interest on these amounts, which are owed pursuant to contract, from the date upon which the obligation became due. Pre-judgment interest shall apply on the items of compensation starting from when they became due in 2008 and 2009 and

upon the Article 4 payments starting from ten (10) days after termination of the contract, *i.e.,* September 26, 2009.

Article 5.04 of the contract also provides for "reasonable attorneys fees, costs and necessary disbursements" to the prevailing party "if any action at law or in equity is necessary to enforce or interpret the terms of this agreement." Thus, Plaintiff is entitled to reasonable attorney's fees.

Plaintiff has already submitted to this court a record of the time which her attorneys have invested in this matter. (Docket No. 80.) We find that the concept of "reasonable attorney's fees" should be viewed in the light of similar awards in labor cases before the courts of Puerto Rico. Puerto Rico law prohibits attorneys from charging their clients when they represent employees in labor matters, even highly-compensated executives, such as Nazario. 32 LPRA §3114 et seq. The restriction applies to any claim by an employee "in which any right or sum of money is claimed against [the] employer under ... an individual or collective work contract." 32 LPRA §3114. All such fees must be obtained from the employer. An attorney who collects any amounts related to such a claim is liable to the employee for the amount paid plus an additional amount as liquidated damages. 32 LPRA §3117.

In Law 80 "mesada" cases involving unjust dismissal, 29 LPRA §185 et seq, the standard amount of attorney's fees is 15% of the compensation afforded the employee. The Supreme Court of Puerto Rico  has held that this amount can be increased if the attorney hours are inadequately compensated pursuant to this formula. López Vicil v. I.T.T. Intermedia, 143 D.P.R. 574 (1997). This courts finds that Plaintiff is entitled to attorney's fees of 15% of the amounts as to which summary judgment is granted herein, as well as 15% on any amounts which may be awarded corresponding

Civil No. 09-2262 (JAF)                                                                    -12-

to paragraphs (d) and (e) of paragraph 6.19 of the Complaint, as discussed above.  Plaintiff is also

entitled to "necessary disbursements" in connection with this action, which amounts are in excess

of those permitted under 28 U.S.C.§1920, corresponding to litigation expenses not covered under

the limited concept of "costs."

**<u>Conclusion</u>**

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment is

**GRANTED**.  Caribevisión is liable to the Plaintiff in the amount of $787,294.52, plus prejudgment

interest as set forth above.  A hearing is hereby set for **April 24, 2012, at 4:00 P.M.**, to determine

the remaining amounts owed to Plaintiff, corresponding to those items set forth in ¶6.19(d) and (e)

of the Complaint.

Caribevisión is also liable to the Plaintiff for 15% for attorney's fees, in an amount no less

than $109,467.64 (15% of $787,294.52), with the final amount for attorney's fees calculated on the

basis of 15% of the amounts which will be awarded in the final judgment.

Caribevisión must also pay for Plaintiff's costs and litigation expenses.  The Plaintiff is

hereby **ORDERED** to submit the costs and litigation expenses no later than **five (5) calendar days**

**before the scheduled hearing**.

**IT IS SO ORDERED**

In San Juan, Puerto Rico this 11th day of April, 2012.

/s/ *José Antonio Fusté*
JOSÉ ANTONIO. FUSTÉ
U.S. District Judge