UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MAYDA NAZARIO-LUGO,

    Plaintiff,

v.

CARIBEVISIÓN HOLDINGS, INC.,

    Defendant.

Civil No. 09-2262 (JAF)

## OPINION AND ORDER

Plaintiff Mayda Nazario-Lugo ("Plaintiff") files a motion under Fed. R. Civ. P. 25(c), seeking to join two corporate entities — America-CV Station Group, Inc., and America CVPR, Inc., as the party defendants in this case. (Docket No. 121.) America-CV Station Group, Inc., and America CVPR, Inc. (together, "Respondents" or "America-CV Companies"), oppose. (Docket No. 132.) For the reasons that follow, we grant Plaintiff's motion.

### I.

### Background and Facts

In this case, Plaintiff sued her former employer, Caribevisión, for breach of contract. (Docket No. 1.) Plaintiff sued because she was terminated several years before the expiration of her five-year employment contract as General Manager of Caribevisión. (Id.) We initially dismissed the case based on abstention. (Docket No. 47.) The Court of Appeals reversed and remanded the case for proceedings consistent with its holding. (Docket No. 75.) At a status conference following the First Circuit's order, Caribevisión

Civil No. 09-2262 (JAF)                                                                                              -2-

failed to appear. (Docket No. 81.) We then entered partial summary judgment in favor of Plaintiffs, holding Caribevisión liable for $787,294.52, plus prejudgment interest, attorneys' fees equal to 15% of the judgment amount, and litigation costs and expenses.[1] (Docket No. 82.) We held a final hearing on April 24, 2012, at which Caribevisión again failed to appear. (Docket No. 85.) In our docket entry approving Plaintiff's expenses, we noted Caribevisión's "bold failures to meet its obligations." (Id.)

Following our entry of judgment, Plaintiff began post-judgment discovery. Despite repeated efforts by Plaintiff, Caribevisión has failed to produce any of the required discovery. (Docket No. 121 at 4.) Plaintiff then submitted a Rule 25(c) motion, seeking to substitute the America-CV Companies for Caribevisión. (Docket No. 88.) We initially granted the motion. (Docket No. 94.) Respondents moved for reconsideration, arguing, inter alia, that a hearing was required to protect their due process rights. (Docket No. 96.) We granted the motion for reconsideration and ordered a hearing set for December 10, 2012. (Docket No. 97.) At our hearing on December 10, Caribevisión again failed to appear, despite a subpoena requiring its appearance. (Docket No. 98.)

We ordered the depositions of Marcos Crespo, María Ramos, and Omar Romay. (Id.) We also entered another order requiring Caribevisión to appear for deposition under penalty of sanctions. (Docket No. 100.) Caribevisión did not appear, but Plaintiff did depose Crespo, Romay, and Ramos. Following these depositions, Plaintiff then filed a motion "reiterating request for Rule 25 relief." (Docket No. 121.) In her latest motion, she seeks to join the America-CV Companies rather than substitute them for Caribevisión. (Id.)

---

[1] Additional factual background of this case can be found in our earlier opinion and order granting partial summary judgment to Plaintiff. (Docket No. 82.)

Civil No. 09-2262 (JAF)                                                                                                                                                     -3-

## II.

## **Standard**

Rule 25(c) governs substitution where a party to a lawsuit transfers an interest during the pendency of the lawsuit or after judgment has been rendered. Negron-Almeda v. Santiago, 579 F.3d 45, 52 (1st Cir. 2009) (citing Explosives Corp. of Am. v. Garlam Enters. Corp., 817 F.2d 894, 905 (1st Cir.1987)). The rule provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed.R.Civ.P. 25(c). The First Circuit has described the rule as a "discretionary 'procedural vehicle' in which 'the transferee is brought into court solely because it has come to own the property in issue.'" Negron-Almeda, 579 F.3d at 52 (quoting Maysonet-Robles v. Cabrero, 323 F.3d 43, 49 (1st Cir.2003)). The rule applies to a broad range of transfers in interest. Id. (citing 6 Jerry E. Smith, Moore's Federal Practice-Civil § 25.32 (2009)). For example, Rule 25(c) has been "invoked to substitute a successor in interest who . . . obtained the assets of the corporation against whom judgment had been rendered." Id. (quoting Explosives Corp., 817 F.2d at 906 (internal citations omitted)). The rule applies to ordinary transfers and assignments, as well as corporate mergers. 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1958 (2012)).

Civil No. 09-2262 (JAF)                                                                                                    -4-

## III.

## <u>Analysis</u>

The material facts in this motion are not in dispute.  Therefore, we treat this motion as we would a summary judgment motion.  We note that another district court in this circuit has employed a similar approach in Rule 25(c) motion.  See <u>Beane v. Beane</u>, 2011 WL 223167 LEXIS 8872, at *8 (D.N.H. Jan. 24, 2011) ("The record here permits this summary-judgment type approach: while the parties disagree sharply over the legal significance of the facts underlying the motion, by and large they do not disagree over the facts themselves."); accord <u>Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.</u>, 13 F.3d 69, 72 (3d Cir.1993).

Plaintiff has presented a long statement of uncontested facts, supported by record material. (Docket No. 121 at 7-28.)  The record evidence provided in support of her motion includes two sworn declarations by Plaintiff; documentary evidence provided in recent discovery, including an April 2010 Contribution Agreement and Shareholder Agreement between Caribevisión and America-CV Companies; and depositions of Crespo, Ramos, and Romay. (Docket No. 121.)  Respondents have submitted a brief opposing joinder. (Docket No. 132.)  Throughout their brief, Respondents also make reference to the available record evidence.  (<u>Id.</u>)  Respondents do not contest any of Plaintiff's specific facts.  (Docket No. 132.)  Rather, Respondents argue that Plaintiffs emphasize only favorable facts and ignore unfavorable ones.  (<u>Id.</u> at 5-6.)  In turn, Respondents offer their own set of facts which they say should preclude joinder.

In light of Respondents' failure to contest Plaintiff's statement of facts, we hereby adopt Plaintiff's facts and incorporate them by reference.  (Docket No. 121 at 7-28.)  For the

Civil No. 09-2262 (JAF)                                                                                         -5-

reasons below, we find that these facts are sufficient to join Respondents in this action. The crucial facts are the complete transfer of Caribevisión's assets to the America-CV Station Group, and the huge degree of continuity between Caribevisión and the newly-formed entities, America-CV Station Group and America CVPR. (Docket No. 121 at 7-28.) Plaintiff's statement of uncontested facts provides a detailed account of the "two-tiered transaction" that facilitated this succession, including the Contribution Agreement, Shareholder Agreement, and so-called "joint venture" documents. (Docket No. 121 at 15-16.)

In Explosives Corp., the First Circuit affirmed the district court's substitution of a successor corporation to the original party against whom judgment had been entered. 817 F.2d at 908. Interpreting Rule 25(c), the court found that the facts of Minnesota Mining and Manufacturing Company v. Eco Chem, Inc., 757 F.2d 1256 (Fed. Cir. 1985), were relevant. Those facts are also present here.

In Minnesota Mining, the plaintiff (3M) sued a corporation, Eco Chem, Inc., that was owned and controlled by Stephanie and George Rynne. Id. After the suit had begun, the Rynnes formed a new corporation, ECL. Id. The shareholders of Eco Chem exchanged their stock for ECL shares, and all of Eco Chem's assets were transferred to ECL. Id. 3M obtained a default judgment against Eco Chem. Because of the transfer of assets from Eco Chem to ECL, 3M was unable to collect on its judgment. The Federal Circuit joined ECL as a party, "because [ECL] succeeded to the assets from which 3M may satisfy its judgment." Id. at 1265.

Civil No. 09-2262 (JAF)                                                          -6-

These are virtually exact same facts presented here. Caribevisión transferred all of its assets to America CV Station Group, including goodwill, property, plan and equipment, books and records, permits and licenses, work product, real property, cash, accounts receivable, intellectual property, and FCC licenses. (Docket No. 121 at 16.) A Shareholder Agreement gave Caribevisión 50% of the shares of America CV-Station Group. (Id. at 17.) As a result of the asset transfer, Plaintiff is unable to execute its judgment against Caribevisión. Therefore, because America CV-Station Group "succeeded to the assets from which [Plaintiff] can execute its judgment," we find that joinder is appropriate. Minnesota Mining, 757 F.2d at 1264.

Respondents argue that America-CV Station Group and America CVPR are not the successors to Caribevisión. In support of this argument, Respondents point out that the America-CV Companies replaced certain executives and supervisory personnel, as well as the Caribevisión general manager. (Id. at 6.) The new entities also changed certain systems and some programming. (Id.) We deem these changes minor and not enough to overcome Plaintiff's strong showing of the strong continuity between Caribevisión and the newly-formed entities, the America-CV Companies.[2] (Docket No. 121.) Plaintiff has demonstrated that these entities "simply stepped into the shoes previously worn by Caribevisión" by maintaining: The same branding of its channel as "CV 24"; same offices

---

[2] Respondents argue that they cannot be joined because they did not voluntarily assume the obligations of Caribevisión. We will not allow Respondents to evade their obligations in this way. Our finding that Respondents are successors to Caribevisión is sufficient to join them as parties. Nothing in Rule 25 requires the assent of the successor. See 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1958 (2012) ("An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.") (collecting cases).

Civil No. 09-2262 (JAF)                                                          -6-

These are virtually exact same facts presented here. Caribevisión transferred all of its assets to America CV Station Group, including goodwill, property, plan and equipment, books and records, permits and licenses, work product, real property, cash, accounts receivable, intellectual property, and FCC licenses. (Docket No. 121 at 16.) A Shareholder Agreement gave Caribevisión 50% of the shares of America CV-Station Group. (Id. at 17.) As a result of the asset transfer, Plaintiff is unable to execute its judgment against Caribevisión. Therefore, because America CV-Station Group "succeeded to the assets from which [Plaintiff] can execute its judgment," we find that joinder is appropriate. Minnesota Mining, 757 F.2d at 1264.

Respondents argue that America-CV Station Group and America CVPR are not the successors to Caribevisión. In support of this argument, Respondents point out that the America-CV Companies replaced certain executives and supervisory personnel, as well as the Caribevisión general manager. (Id. at 6.) The new entities also changed certain systems and some programming. (Id.) We deem these changes minor and not enough to overcome Plaintiff's strong showing of the strong continuity between Caribevisión and the newly-formed entities, the America-CV Companies.[2] (Docket No. 121.) Plaintiff has demonstrated that these entities "simply stepped into the shoes previously worn by Caribevisión" by maintaining: The same branding of its channel as "CV 24"; same offices

---

[2] Respondents argue that they cannot be joined because they did not voluntarily assume the obligations of Caribevisión. We will not allow Respondents to evade their obligations in this way. Our finding that Respondents are successors to Caribevisión is sufficient to join them as parties. Nothing in Rule 25 requires the assent of the successor. See 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1958 (2012) ("An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.") (collecting cases).

Civil No. 09-2262 (JAF) -7-

and lease; same licenses; many of Caribevisión's contracts; and many of the same employees. (Docket No. 121.) In particular, the new entity retained Marcos Crespo as a key supervisory employee; Félix Román, who continued for a time as financial manager; traffic director María Ramos; as well as Emma Torres and María Negron, the person in charge of sales. (Id.) Based on these facts, the America-CV Station Companies meet the definition of successor as "one who succeeds or takes the place of another." Panther Pumps & Equip. Co., Inc. v. Hydrocraft, Inc., 566 F.2d at 24 (7th Cir. 1977), cert. denied sub nom. Beck v. Morrison Pump Co., Inc., 435 U.S. 1013 (1978).

Respondents next argue that due process requires additional evidentiary hearings before they are joined. (Docket No. 132.) We disagree. In Panther Pumps, the Seventh Circuit held that the substituted party did have a due process right to contest its status as successor in interest to the original defendant. 566 F.2d at 24. Assuming that due process is required here, we think that the constitutional standards have been met. Respondents aired their objections to joinder at our hearing on December 10, and they have since had ample time to respond to Plaintiff's arguments. Respondents' weak attempts to highlight the minor differences between Caribevisión and America CV, compared with Plaintiff's extensive uncontested facts, have convinced us that no more evidence is necessary. Moreover, in light of Caribevisión's consistently "bold failures" to meet its obligations, we are unwilling to let this case drag on any longer. See Beane, 2011 WL223167, at *8 ("The court can therefore rule on Glenn's motion to substitute by looking to materials beyond the pleadings, and without conducting an evidentiary hearing.") (citing Luxliner, 13 F.3d at 72).

Civil No. 09-2262 (JAF)                                                                                          -8-

Finally, we also grant Plaintiff's motion for attorneys' fees. In our earlier opinion and order, we gave two reasons for granting Plaintiffs attorneys' fees. First, we noted that Article 5.04 of the contract also provides for "reasonable attorneys' fees, costs and necessary disbursements" to the prevailing party "if any action at law or in equity is necessary to enforce or interpret the terms of this agreement." (Docket No. 82 at 11.) Second, we noted that Plaintiff should be compensated for her litigation expenses in light of Caribevisión's "bold failures to meet its obligations." (Docket No. 85.) Here, we again find that Plaintiff's post-judgment attorneys' fees fall within the express provisions of Article 5.04. Because of Caribevisión's "bold failures to meet its obligations," Plaintiff has had to incur additional expenses "to enforce . . . the terms of this agreement." Article 5.04. Therefore, we grant Plaintiff's motion for attorneys' fees and litigation expenses related to her post-judgment enforcement efforts. Plaintiff will submit records of time spent and expenses incurred, as described in her motion. (Docket No. 121 at 44 n.13.)

## IV.

## Conclusion

For the foregoing reasons, Plaintiff's Rule 25(c) motion is hereby **GRANTED.** (Docket No. 121.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 19th day of February, 2013.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        United States District Judge