1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    MAYDA NAZARIO-LUGO,

4        Plaintiff,                                    Civil No. 09-2262 (JAF)

5        v.

6    CARIBEVISIÓN HOLDINGS, INC.,

7        Defendant.

8

9                              **O R D E R**

10       Before the court is Plaintiff's motion submitting post-judgment attorneys' fees and

11   costs.  (Docket No. 135.)  This motion complies with our order of February 19, 2013.

12   (Docket No. 133.)  In that order, we granted Plaintiff's motion for post-judgment attorneys'

13   fees and costs, and instructed her to submit "records of time spent and expenses incurred."

14   (Id. at 8.)   In the same order, we joined America CVPR, Inc. and America-CV Station

15   Group, Inc. as defendants, pursuant to Fed. R. Civ. P. 25(c).  (Id.)    Plaintiff then filed her

16   motion submitting fees and costs on March 18, 2013.  (Docket No. 135.)  Plaintiff also

17   submitted supporting documents, including an expense log and an affidavit by her lead

18   counsel, Judith Berkan ("Ms. Berkan").  (Docket No. 135-1.) Defendants have not filed any

19   opposition that contests the reasonableness or amount of the fees and costs submitted by

20   Plaintiff.[1]

21       We begin our analysis by examining the reasonableness of the requested fees.

22   Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  "Fees are presumptively reasonable where

---

[1] America CVPR, Inc. and America-CV Station Group, Inc., moved for reconsideration of the portion of our order that joined them as defendants.  (Docket No. 134.)  Their motion did not make any argument regarding the amount of fees and costs submitted by Plaintiff.  (Id.)  We denied the reconsideration motion in a separate opinion and order.  (Docket No. 137.)

Civil No. 09-2262 (JAF)                                                    -2-

1    the requesting party has multiplied a reasonable hourly rate by the number of hours

2    reasonably spent on litigation." See Gay Officers Action League v. Puerto Rico, 247 F.3d

3    288, 293 (1st Cir. 2001) (citing Hensley, 461 U.S. at 433). The First Circuit has adopted the

4    "lodestar approach," in which "the trial judge must determine 'the number of hours

5    reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Id. (citing

6    Hensley, 461 U.S. at 433).  In the lodestar method, "the judge calculates the time counsel

7    spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies

8    prevailing rates in the community (taking into account the qualifications, experience, and

9    specialized competence of the attorneys involved)." Id. (citing Lipsett v. Blanco, 975 F.2d

10   934, 937 (1st Cir. 1992)).  The logged hours are reasonably spent on litigation unless

11   "duplicative, unproductive, or excessive." Id.  In addition, after calculation of the initial

12   "amount of the award, attorney's fees may be reduced because of (1) the overstaffing of a

13   case, (2) the excessiveness of the hours expended on the legal research or the discovery

14   proceedings, (3) the redundancy of the work exercised, or (4) the time spent on needless or

15   unessential matters." Serrano v. Ritz-Carlton San Juan Hotel Spa & Casino, 808 F. Supp.

16   2d 393, 398 (D.P.R. 2011) (quoting Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 775

17   (D.P.R. 1997)) (internal quotation marks omitted)).

18        As an initial matter, we find the hours billed to be reasonable and not "duplicative,

19   unproductive, or excessive." Gay Officers Action League, 247 F.3d at 293.  To enforce

20   Plaintiff's judgment, Ms. Berkan and Ms. Méndez each spent 1.7 hours in court.  (Docket

21   No. 135-1 at 42, 44.)  Out of court, Ms. Berkan spent 104.9 hours, and Ms. Méndez spent

22   18.55 hours.  (Id.)  Plaintiff's attorneys accurately describe their post-judgment efforts as

23   "extremely arduous," noting the obstinacy of Caribevisión and its successors.  (Docket

Civil No. 09-2262 (JAF)                                                                -3-

1    No. 135-1 at 37.)  Enforcing Plaintiff's judgment required her attorneys to spend a great

2    deal of effort untangling a complicated set of factual and legal questions.  Their task was

3    made more difficult by the lack of cooperation by Defendants.   We have reviewed the log

4    of hours spent on this case and find it reasonable, given these challenges.

5           Next, we evaluate Plaintiff's request that her attorneys be reimbursed at the following

6    hourly rates: for Ms. Berkan, $380 for in-court time and $365 for out-of-court time; for

7    Mary Jo Méndez ("Ms. Méndez"), $260 for in-court and $230 for out-of-court time.

8    (Docket No. 135-1 at 42, 44.)  Again, we note that Defendants have failed to oppose any of

9    these figures.  For the following reasons, we deem these hourly rates reasonable.

10          Ms. Berkan has been practicing law since graduating from Harvard Law School in

11   1974.  She has litigated many significant civil rights and employment cases in Puerto Rico's

12   federal and commonwealth courts.  She also maintains an active practice in academic and

13   continuing legal education circles.[2]   In the last fifteen years, Ms. Berkan has litigated a

14   number of large cases, many of which have been widely cited.[3]  See, e.g., Ramirez-Lluveras

15   v. Pagan-Cruz, Civ. No. 08-1486, 862 F.Supp.2d 82 (D.P.R. 2012) (resulting ultimately in

16   large jury verdict for plaintiff in police misconduct case); Gay Officers Action League, 247

17   F.3d 288; Camilo-Robles v. Zapata, 175 F.3d 41 (1st Cir. 1999); Arce v. Martinez, 146

18   D.P.R. 215 (1998).  Given Ms. Berkan's expertise, and her success in this case, we find it

19   reasonable to compensate Ms. Berkan at the requested rate.[4]  See System Management, Inc.

20   v. Loiselle, 154 F.Supp.2d 195, 204 (D. Mass. 2001) ("[T]he most critical factor in

[2] Ms. Berkan has filed an affidavit that sets out in greater detail her professional experience and qualifications. (Docket No. 135-1 at 23-42.)

[3] See Ciudadana v. Gracia-Morales, 359 F.Supp.2d 38, 45 (D.P.R. 2005) (describing Ms. Berkan's "well-known practice in civil rights litigation at the Puerto Rico district court and First Circuit levels.") (collecting cases).

[4] In her affidavit, (Docket No. 135-1 at 40), Ms. Berkan notes that she was compensated earlier this year at an hourly rate of $365 for work she performed in a Commonwealth court case in 2009. Lanza v. Euro RSCG Puerto Rico, K PE 2006-4303.

Civil No. 09-2262 (JAF)                                                                    -4-

1    determining the reasonableness of a fee award is the degree of success obtained.") (quoting

2    Farrar v. Hobby, 506 U.S. 103, 114 (1992)) (internal quotations and citations omitted).

3    Moreover, this rate is also reasonable in light of the prevailing market rates for attorneys

4    whose qualifications and experience are comparable to or lesser than Ms. Berkan's.  See,

5    e.g., Figueroa-Ramos v. DWB Holding, No. 09-1277, slip. op. at 3 (D.P.R. Apr. 6, 2011)

6    (awarding $275 per hour to Mr. Lorenzo Palomares-Starbuck, an attorney with significantly

7    less experience than Ms. Berkan).

8            Plaintiff requests that Ms. Méndez be compensated at an hourly rate of $260 for in-

9    court work and $230 for out-of-court work.  (Docket No. 135-1 at 44.)  Ms. Méndez has

10   worked with Ms. Berkan since shortly after graduating from law school in 1993.

11   Ms. Méndez has served as co-counsel with Ms. Berkan in approximately ten jury trials, as

12   well as hundreds of labor and employment cases that have settled before trial.  She also

13   maintains an active pro-bono practice.[5]  In her affidavit, (Docket No. 135-1 at 42-43),

14   Ms. Berkan has provided evidence of the prevailing rates within Puerto Rico paid to lawyers

15   with comparable or lesser experience than Ms. Méndez.  See, e.g., Zayas v. Puerto Rico,

16   451 F.Supp.2d 310, 316 (D.P.R. 2006) (awarding $200 hourly fee to attorney with thirteen

17   years of experience); Ciudadana v. Gracia-Morales, 359 F.Supp.2d 38, 45 (D.P.R. 2005)

18   (awarding $270 hourly rate to attorney with nineteen years of experience).  In light of

19   Ms. Méndez's experience and the success obtained in this case, we deem Plaintiff's request

20   reasonable as to Ms. Méndez as well.  See System Management, Inc., 154 F.Supp.2d at 204.

21          Finally, we note that Plaintiff has provided "descriptions and/or receipts for various

22   individual expenditures incurred."  Pan Am. Grain Mfg. Co. v. P.R. Ports Auth., 193 F.R.D.

---

[5] Ms. Berkan's affidavit provides a more detailed summary of Ms. Méndez's qualifications and experience. (Docket No. 135-1 at 42-43.)

Civil No. 09-2262 (JAF)                                                                                    -5-

1    26, 37 (D.P.R. 2000).  Plaintiff has submitted a detailed invoice of expenses that includes

2    copies of many receipts.  (Docket No. 135-1.)  We have reviewed this invoice and find its

3    costs reasonable and well-documented.    Plaintiff's costs of $5,017.84 are, therefore,

4    approved.

5          For the foregoing reasons, Plaintiff's motion submitting post-judgment attorneys'

6    fees and costs is hereby **GRANTED.**    (Docket No. 135.)  In addition to the previous

7    judgments, Defendants are jointly and severally liable to Plaintiff in the amount of

8    $48,660.84.

9    **IT IS SO ORDERED.**

10         San Juan, Puerto Rico, this 22nd day of May, 2013.

11                                        s/José Antonio Fusté
12                                        JOSE ANTONIO FUSTE
13                                        United States District Judge